NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHONG HAO SU and MARTHA W. LEE,

    Plaintiffs,

    v.

DASMINE MCCOY,

    Defendant.

No. 25cv03129 (EP) (JRA)

MEMORANDUM ORDER

**PADIN, District Judge.**

This matter comes before the Court on *pro se* Plaintiffs Chong Hao Su's and Martha Lee's[1] complaint against Defendant Dasmine McCoy, another tenant at the same property that Su resides at. In the complaint, Plaintiffs expressly seek Defendant's "urgent eviction." D.E. 1 ("Complaint" or "Compl.") at 1. In substance, Plaintiffs asks this Court to exercise jurisdiction over what is a landlord-tenant dispute arising solely under state law. For the reasons below, the Court will **DISMISS** this action *sua sponte* for lack of subject matter jurisdiction.

It is well-established that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may exercise jurisdiction over a case based on diversity of citizenship as set forth in 28 U.S.C. § 1332(a), or federal question jurisdiction as set forth in 28 U.S.C. § 1331. It is, however, a plaintiff's burden to establish that the federal court may exercise jurisdiction over his case. *Kokkonen*, 511 U.S. at 377. Nevertheless, while it is a plaintiff's responsibility to establish subject matter jurisdiction, "federal courts have an ever-present obligation to satisfy themselves of their subject matter

---

[1] Martha W. Lee is a named plaintiff but the Complaint states that "if Martha has to go to court, she needs to have her name removed." D.E. 1 at 1. It is not clear to the Court whether Lee actually intends to be a named party in this case.

jurisdiction and to decide the issue *sua sponte*." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). If a federal court determines that it lacks subject matter jurisdiction, it must *sua sponte* dismiss the case. Fed. R. Civ. P. 12(h)(3); *see, e.g.*, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

Here, Plaintiffs do not allege any monetary damages that could satisfy the jurisdictional threshold of $75,000 for diversity jurisdiction. 28 U.S.C. § 1332(a); *see* Compl. Moreover, Plaintiffs seek the eviction of another tenant from a shared property. Compl. at 1. Eviction is a state law cause of action that does not present any federal question. *See 9 Rosa Parks LLC v. Samkogh*, No. 24-703, 2024 WL 1989118, at *1 (D.N.J. Apr. 29, 2024) ("Federal courts typically lack subject matter jurisdiction over state eviction actions and other landlord-tenant matters.").

Before a district court *sua sponte* dismisses a case for lack of subject matter jurisdiction, the Third Circuit instructs that it must provide the parties with an opportunity to be heard. *Trinh v. Fineman*, 784 F. App'x 116, 117 (3d Cir. 2019). Because Plaintiffs' Complaint facially appears to bring a claim that this Court may not hear, the Court twice directed Plaintiffs to explain why this action should not be dismissed for lack of subject matter jurisdiction. D.E. 3 ("[T]his Court does not have jurisdiction over matters arising over state eviction actions or other landlord-tenant matters . . . . Plaintiffs, by 6/27/2025, shall INFORM THE COURT why it should not dismiss this action for lack of subject matter jurisdiction."). After Plaintiffs missed the Court's deadline, the Court again instructed Plaintiffs to inform the Court "why it should not dismiss this action for lack of subject matter jurisdiction" and warned Plaintiffs that if they "fail to comply, the Court may proceed to dismiss the case." D.E. 4. Plaintiffs again failed to respond.

Despite these opportunities, Plaintiffs have failed to demonstrate a valid jurisdictional basis. Having determined that this Court lacks the authority to adjudicate this matter,

**IT IS**, on this 9th day of October 2025, for the reasons set forth above,

**ORDERED** that Plaintiffs' Complaint, D.E. 1, is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiffs may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiffs via regular mail.

                                                                                             _____
                                                                                             Evelyn Padin, U.S.D.J.